IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

LOUIS PEYTON, #49027-083                 *

    Petitioner,                          *

    v.                                   * CIVIL ACTION NO.2:05-CV-151-F
                                            WO
FEDERAL BUREAU OF PRISONS, *et al.*,     *

    Respondents.                         *

_____

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

    Petitioner filed this application for habeas corpus relief pursuant to 28 U.S.C. § 2241. He seeks an order from this court directing Respondents to refrain from using an enhancement to his sentence for obstruction of justice for purposes of precluding him from being eligible for early release. In their April 25, 2005 response to the instant petition, Respondents assert that Petitioner has been provided with the relief he sought in filing this action, *i.e.*, to have approved his request that his obstruction of justice enhancement not be used to preclude him from early release eligibility under 18 U.S.C. § 3621(e). Respondents further maintain, however, that Petitioner must still successfully complete the Residential Drug Abuse Program and continue to meet other criteria for purposes of evaluating his eligibility for early release.

    Pending before the court is Petitioner's request for Class Certification pursuant to F.R.Civ.P. 23. (Doc. No. 17.) He seeks to certify a class of all inmates eligible to participate in the Residential Drug Abuse Program ("RDAP") and who may be effected by the Bureau

of Prisons' reliance on recommendations for sentence enhancements found in pre-sentence reports or actual enhancements made under 18 U.S.C. § 3553(b)(1) and 18 U.S.C. § 3742(e) for the purpose of denying RDAP participants a one year sentence reduction.

## DISCUSSION

Among the requirements which litigants must meet in order to maintain an action as a class action is that the "representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4), *Federal Rules of Civil Procedure*. *See Perry v. Scibana*, 2004 WL 1253300 (W.D. (Wis. June 4, 2004) (*citing U.S. ex rel. Morgan v. Sielaff*, 546 F.2d 218, 221 (7th Cir. 1976) (district courts should look to the provisions of F.R.Civ.P. 23 for guidance in determining the propriety of a habeas corpus class action); *see also Williams v. Richardson,* 481 F.2d 358, 361 (8th Cir.1973) (a class action may be appropriate in a habeas proceeding); *Mead v. Parker,* 464 F.2d 1108 (9th Cir. 1972) (same). The court concludes that the *pro se* prisoner petitioner is not an adequate class representative able to fairly represent the class. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *U.S. ex rel. Schwartz v. TRW, Inc.*, 118 F. Supp.2d 991, 995 (C.D. Cal. 2000); *Ethnic Awareness Organization v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D. Wis. 1983); *Inmates, Washington County Jail v. England*, 516 F. Supp. 132, 144 (E.D. Tenn. 1980), *affirmed*, 659 F.2d 1081 (6th Cir. 1981). Class certification in this case is therefore improper. Thus, Petitioner's motion for class certification is due to be denied.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the Petitioner's Motion for Class Certification (Doc. No. 17) be DENIED.  It is further the RECOMMENDATION of the Magistrate Judge that this case be referred back to the undersigned for additional proceedings.

It is

ORDERED that Petitioner's Informative Motion to Treat Petitioner's F.R.C.P. 23 Motion to Certify Class as Unopposed (Doc. No. 18) is DENIED.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **June 30, 2005**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

   DONE this 17th day of June, 2005.

                                      /s/ Vanzetta Penn McPherson  
                                      VANZETTA PENN MCPHERSON  
                                      UNITED STATES MAGISTRATE JUDGE